Filed 2/11/16  B.M. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| B.M.,<br><br>            Petitioner,<br><br>                    v.<br><br>THE SUPERIOR COURT OF KINGS COUNTY,<br><br>            Respondent;<br><br>KINGS COUNTY HUMAN SERVICES AGENCY,<br><br>            Real Party in Interest. | F072753<br><br>(Super. Ct. No. 03JD0001)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

ORIGINAL PROCEEDING; petition for extraordinary writ review.  James LaPorte, Judge.

B.M., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Poochigian, J. and Smith, J.

B.M. (father) in propria persona seeks extraordinary writ relief from the juvenile court's order setting a Welfare and Institutions Code section 366.26 hearing[1] as to his five-year-old son Bobby.  Father does not contend that the juvenile court erred.  Rather, he seeks to have Bobby placed with his maternal uncle.  We dismiss the writ petition as facially inadequate.  (Cal. Rules of Court, rules 8.450 & 8.452.)

## PROCEDURAL AND FACTUAL SUMMARY

In September 2015, the Kings County Human Services Agency (agency) removed Bobby and his half-sisters from the custody of their mother after she violated the terms of her court-ordered family maintenance services by caring for them while under the influence of alcohol and allowing her boyfriend to live with her knowing that he was on felony probation for spousal abuse.  At the time, father was incarcerated in state prison and scheduled to be released in August 2016.  The children were placed with their maternal uncle.

The agency filed a supplemental petition under section 387, alleging that placing the children with their mother had not been effective in protecting them.

In October 2015, at an uncontested jurisdictional/dispositional hearing, the juvenile court sustained the supplemental petition, denied reunification services to the children's mother and their fathers, and set a section 366.26 hearing.

This petition ensued.

## DISCUSSION

Father informs this court that he will be paroled in August 2016, and will complete any and all services to reunify with Bobby.  In the meantime, he would like Bobby's maternal uncle (and current care provider) designated Bobby's temporary guardian. Father does not assert, however, that the juvenile court erred in setting a section 366.26

---

[1]     All statutory references are to the Welfare and Institutions Code.

hearing.  Consequently, his petition is facially inadequate for our review as we now explain.

California Rules of Court, rules 8.450-8.452 set forth guidelines pertaining to extraordinary writ petitions.  The purpose of these writ petitions is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's orders and findings issued at the setting hearing in advance of the section 366.26 hearing.  (§ 366.26, subd. (*l*)(4).)

California Rules of Court, rule 8.452 sets forth the content requirements for an extraordinary writ petition.  It requires the petitioner to set forth legal arguments with citation to the appellate record.  (Cal. Rules of Court, rule 8.452(b).)  In keeping with the dictate of California Rules of Court, rule 8.452(a)(1), we liberally construe writ petitions in favor of their adequacy recognizing that a parent representing him or herself is not trained in the law.  Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record.  Failure to do so renders the petition inadequate in its content and we will not independently review the record for possible error.  (*In re Sade C*. (1996) 13 Cal.4th 952, 994.)

Here, father merely informs this court of his placement preference for his son.  Placement, however, is a matter that must be raised in the juvenile court.  Further, because father did not raise a claim of juvenile court error, there is no issue before this court to review.  We thus conclude the writ petition is inadequate for our review and dismiss it.

## DISPOSITION

The petition for extraordinary writ is dismissed.  This opinion is final forthwith as to this court.

3